IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG CHULL KIM, et. al., | CASE NO. 5:12-cv-02066-EJD |
| Plaintiff(s), | **ORDER DENYING PLAINTIFFS' MOTION TO REMAND** |
| v. | |
| WELLS FARGO BANK, N.A., et. al., | [Docket Item No(s). 13] |
| Defendant(s). | |

## I. INTRODUCTION

Within this case related to the foreclosure of real property, Plaintiffs Yong Chull Kim and Minsook Kim ("Plaintiffs") presently move the court for an order remanding this action to Santa Clara County Superior Court pursuant to 28 U.S.C. § 1447(c) for lack of federal jurisdiction. See Docket Item No. 13. Defendant Wells Fargo Bank, N.A. ("Wells Fargo") previously removed the case to this court based on diversity of the parties. See Not. of Removal, Docket Item No. 1.

Having carefully reviewed this matter, the court finds it appropriate for decision without oral argument pursuant to Civil Local Rule 7-1(b). Accordingly, the hearing scheduled for August 10, 2012, will be vacated. The Motion to Remand will be denied for the reasons stated below.

## II. LEGAL STANDARD

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been

originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b); 1332(a).

It is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Speciality Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

### III.   DISCUSSION

Plaintiffs contend that Wells Fargo is a citizen of California because it maintains corporate headquarters and subsidiaries in this state. Based on that contention, Plaintiffs argue that complete diversity is lacking under a "principal place of business" analysis, thereby defeating the cited basis for federal jurisdiction. The court disagrees with Plaintiffs.

For the purposes of diversity jurisdiction, a corporation is generally "deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). But Wells Fargo is a national banking association. See Defs.' Req. for Judicial Notice ("RJN"), Docket Item No. 15, at Ex. 6.[1] It is therefore subject to 28 U.S.C. § 1348, which provides that all national banking associations are "deemed citizens of the States in

---

[1] Defendants' RJN is granted in its entirety. Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

which they are respectively *located*."

In 2006, the United States Supreme Court interpreted the term "located" as used in § 1348. See Schmidt v. Wachovia Bank, N.A., 546 U.S. 303 (2006). The Court held in Schmidt "that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id. at 307. The Court also observed in a footnote that § 1348 "does not refer to 'principal place of business' . . . . The absence of a 'principal place of business' reference in § 1348 may be of scant practical significance for, in almost every case, as in this one, the location of a national bank's main office and of its principal place of business coincide." Id. at 317 n. 9.

The issue presented here is one in which the absence of reference to "principal place of business" in § 1348 *does* have practical significance since, at least for this motion, it is seemingly undisputed that Wells Fargo's main office differs from its principal place of business. According to documentation submitted by Wells Fargo, the main office designated by its articles of association is located in Sioux Falls, South Dakota, while its principal executive offices are located in San Francisco, California. See RJN, at Exs. 6, 7.

The Eighth Circuit is the only appellate court to have attempted resolution of this issue after Schmidt. In Wells Fargo Bank, N.A. v. WMR e-PIN, LLC, 653 F.3d 702, 709 (8th Cir. 2011) ("WMR"), the court held that Wells Fargo is a citizen of South Dakota, not California. The court reasoned that § 1348 could not be construed with reference to § 1332 and its attendant "principal place of business" inquiry because "[i]n 1948, when Congress last amended § 1348, it had not yet created principal-place-of-business citizenship." WMR, 653 F.3d at 708. "[N]othing in § 1348 indicates that it would incorporate by reference any subsequent change in the statutes governing jurisdiction over state banks and corporations." Id. The court concluded that, under those circumstances, "Congress reconfigured the jurisdictional landscape of state banks and state corporations, but left that of national banks undisturbed." Id.[2]

---

[2] The WMR court relied heavily on Excelsior Funds, Inc. v. J.P. Morgan Chase Bank, N.A., 470 F. Supp. 2d 312 (S.D.N.Y. 2006). There, the district court determined that "because neither the statutory text nor the legislative history support reading the term 'located' in § 1348 to incorporate by reference a concept that did not exist until ten years later, a national bank is not also 'located' in

3
CASE NO. 5:12-cv-02066 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND

1    In the absence of direction from the Ninth Circuit, the results among the district courts are somewhat inconsistent. Most have reached determinations similar to that of the Eighth Circuit, even before WMR.[3] For example, in DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010), the court declined to apply the "principal place of business" test to determine Wells Fargo's citizenship and instead found it located in South Dakota for the purposes of diversity jurisdiction. The court reached a similar conclusion in Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010), noting that "numerous courts have found that a national banking association's citizenship is the place where its 'main office' is designated, as opposed to its principal place of business." Nguyen, 749 F. Supp. at 1027 (citing Hicklin Eng'ring L.C. v. Bartell, 439 F.3d 346, 348 (7th Cir. 2006); Lowdermilk v. U.S. Bank, N.A., 479 F.3d 994, 997 (9th Cir. 2007); Peralta v. Countrywide Home Loans, Inc., Case No. , 2009 U.S. Dist. LEXIS 112387, 2009 WL 3837235, *4-5 (N.D. Cal. Nov. 16, 2009)). The Nguyen court rejected contrary reasoning because it relies on cases that predate Schmidt and is inconsistent with that decision. Id.

As Plaintiffs' motion demonstrates, few district courts have found Wells Fargo a citizen of California. See Rouse v. Wachovia Mortg., FSB, Case No. EDCV 11-00928 DMG (DTBx), 2012 U.S. Dist. LEXIS 6962, 2012 WL 174206 (C.D. Cal. Jan. 13, 2012) (Gee, J.); see also Taheny v. Wells Fargo Bank, N.A., No. CIV. S-10-2123 LKK/EFB, 2012 U.S. Dist. LEXIS 47195, 2012 WL 1120140 (E.D. Cal. Apr. 3, 2012) (Karlton, J.); see also Uriarte v. Wells Fargo Bank, N.A., No. 11-cv-2082 - IEG (WVG), 2011 U.S. Dist. LEXIS 127497, 2011 WL 5295285 (S.D. Cal. Nov. 3, 2011) (Gonzalez, C.J.). Each of these decisions relies in some respect on the Ninth Circuit's opinion

---

the state where it maintains its principal place of business, when that state is different from the state of the national bank's main office." 470 F. Supp. 2d at 322.

[3] In addition to those discussed and cited above, decisions finding Wells Fargo a citizen of South Dakota include many from this district, namely Sami v. Wells Fargo Bank, Case No. C 12-00108 DMR, 2012 U.S. Dist. LEXIS 38466, 2012 WL 967051 (N.D. Cal. Mar. 21, 2012) (Ryu, J.); Flores v. Wells Fargo Bank, N.A., No. 3:11-cv-6619 JSC, 2012 U.S. Dist. LEXIS 32648, 2012 WL 832546 (N.D. Cal. Mar. 12, 2012) (Corley, J.); Moreno v. Wells Fargo Bank, N.A., No. C-11-05189 EDL, 2011 U.S. Dist. LEXIS 146195, 2011 WL 6372637(N.D. Cal. Dec. 21, 2011) (Laporte, J.); Tse v. Wells Fargo Bank, N.A., No. C10-4441 THE, 2011 U.S. Dist. LEXIS 6796, 2011 WL 175520 (N.D. Cal. Jan. 19, 2011) (Henderson, J.); Atienza v. Wells Fargo Bank, N.A., No. C 10-03457 RS, 2011 U.S. Dist. LEXIS 1738, 2011 WL 11507 (N.D. Cal. Jan. 4, 2011) (Seeborg, J.); and Giordano v. Wachovia Mortg., FSB, 2010 U.S. Dist. LEXIS 136284, 2010 WL 5148428 (N.D. Cal. Dec. 14, 2010) (Fogel, J.).

4
CASE NO. 5:12-cv-02066 EJD
ORDER DENYING PLAINTIFFS' MOTION TO REMAND

in American Surety Co. v. Bank of California, 133 F.2d 160, 162 (9th Cir. 1943), wherein the court held that a national bank's citizenship is determined by its principal place of business.

But as other courts have pointed out, American Surety cannot be reconciled with Schmidt. In American Surety, the court interpreted language similar to the present-day version of § 1348 and phrased its holding in terms of exclusivity: "[t]he trial court was right in holding that defendant is a citizen *only* of the state in which its principal place of business is located, the State of California." American Surety, 133 F.2d at 162 (emphasis added). This is in contrast to the Supreme Court's interpretation in Schmidt that the term "located" as used in § 1348 means the bank's main office as designated in the articles of association. Schmidt, 546 U.S. at 307. Because American Surety left no room for another basis of citizenship, including that promulgated by the Supreme Court, American Surety conflicts with Schmidt in such a way that harmonization of the two is impossible. The reasoning of those courts that have attempted to do so is unpersuasive.

Schmidt, not American Surety, is controlling here. Miller v. Gammie, 335 F.3d 889, 900 (9th Cir. 2003) (en banc) ("[W]here intervening Supreme Court authority is clearly irreconcilable with . . . prior circuit authority . . . district courts should consider themselves bound by the intervening higher authority and reject the prior opinion of this court as having been effectively overruled."). In light of the preceding discussion, this court adopts the interpretation of § 1348 provided in WMR and the many district courts that have followed similar reasoning. Accordingly, the court finds that Wells Fargo is a citizen of South Dakota for the purposes of diversity jurisdiction. Since that decision results in complete diversity of the parties, Plaintiffs' motion to remand will be denied.[4]

---

[4] As an alternative basis for remand, Plaintiffs appear to argue under the doctrine of prior exclusive jurisdiction that the district court must abstain from acting because this case was originally filed in state court. That argument is misplaced. The doctrine of prior exclusive jurisdiction applies only "where parallel state and federal proceedings seek to 'determine interests in specific property as against the whole world' (in rem), or where 'the parties' interests in the property . . . serve as the basis of the jurisdiction' for the parallel proceedings (quasi in rem)." Chapman v. Deutsche Bank Nat'l Trust Co., 651 F.3d 1039, 1044 (9th Cir. 2011) (quoting State Eng'r v. S. Fork Band of Te-Moak Tribe of W. Shoshone Indians, 339 F.3d 804, 811 (9th Cir. 2003)). It does not apply to removed cases such as this one because there are no parallel proceedings and, therefore, no issue of simultaneous jurisdiction. Here, there is only one case moving between jurisdictions, with only one court able to act at any particular time. See 28 U.S.C. § 1446(d) ("Promptly after the filing of such notice of removal of a civil action . . . the State court shall proceed no further unless and until the

## IV.  ORDER

Based on the foregoing, the hearing scheduled for August 10, 2012, is VACATED. The Motion to Remand (Docket Item No. 13) is DENIED.

The Case Management Conference also scheduled for August 10, 2012, is CONTINUED to **October 12, 2012, at 10:00 a.m.** The parties shall file a Joint Case Management Statement no later than **October 5, 2012.** The Motion to Dismiss the original complaint (Docket Item No. 11) is TERMINATED AS MOOT.

**IT IS SO ORDERED.**

Dated:  August 2, 2012

EDWARD J. DAVILA
United States District Judge

---

case is remanded.").