United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| YONG CHULL KIM, et. al., | CASE NO. 5:12-cv-02066 EJD |
| Plaintiff(s), | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| WELLS FARGO BANK, N.A, et. al., | [Docket Item No(s). 19] |
| Defendant(s). | |

## I.  INTRODUCTION

On October 11, 2007, Plaintiffs Yong Chull Kim and Minsook Kim ("Plaintiffs") obtained a loan for $718,500.00 from World Savings Bank secured by real property located in Sunnyvale, California.  See Amended Complaint ("FAC"), Docket Item No. 17, at ¶ 5; see also Def.'s Request for Judicial Notice ("RJN"), Docket Item No. 20, at Exs. 1, 2.[1]  Plaintiffs defaulted on the loan payments at some point and the property became subject to a foreclosure sale in November, 2011.  See FAC, at ¶ 6.

Plaintiffs initiated the present action as a challenge to the foreclosure proceedings in San Clara County Superior Court on March 12, 2012.  See Not. of Removal, Docket Item No. 1., at Ex. A.  Defendant Wells Fargo Bank, N.A. ("Wells Fargo Bank"), having previously acquired World

---

[1] The RJN is GRANTED to the extent referenced in this Order.  Fed. R. Evid. 201(b)(2); Hite v. Wachovia Mortg., No. 2:09-cv-02884-GEB-GGH, 2010 U.S. Dist. LEXIS 57732, at *6-9 (E.D. Cal. June 10, 2010); Gens v. Wachovia Mortg. Corp., No. CV10-01073 JF (HRL), 2010 U.S. Dist. LEXIS 54932, at *6-7, 2010 WL 1924777 (N.D. Cal. May 12, 2010).

1
CASE NO. 5:12-cv-02066 EJD
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

1  Savings Bank, removed the action to this court.  Presently before the court is Wells Fargo's Motion
2  to Dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6).  <u>See</u> Docket Item No. 19.
3  Plaintiff's filed written opposition to the motion.  <u>See</u> Docket Item No. 23.
4      Federal jurisdiction arises pursuant to 28 U.S.C. § 1332.  <u>See</u> Order, Docket Item No. 22.
5  Having carefully reviewed this matter, the court finds it suitable for disposition without oral
6  argument pursuant to Civil Local Rule 7-1(b).  Accordingly, the hearing scheduled for October 12,
7  2012, will be vacated and Wells Fargo's motion will be granted for the reasons explained below.

## II.  LEGAL STANDARD

9      Federal Rule of Civil Procedure 8(a) requires a plaintiff to plead each claim with sufficient
10 specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it
11 rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal quotations omitted).  A
12 complaint which falls short of the Rule 8(a) standard may be dismissed if it fails to state a claim
13 upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  "Dismissal under Rule 12(b)(6) is
14 appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a
15 cognizable legal theory."  <u>Mendiondo v. Centinela Hosp. Med. Ctr.</u>, 521 F.3d 1097, 1104 (9th Cir.
16 2008).  Moreover, the factual allegations "must be enough to raise a right to relief above the
17 speculative level" such that the claim "is plausible on its face."  <u>Twombly</u>, 550 U.S. at 556-57.
18     When deciding whether to grant a motion to dismiss, the court generally "may not consider
19 any material beyond the pleadings."  <u>Hal Roach Studios, Inc. v. Richard Feiner & Co.</u>, 896 F.2d
20 1542, 1555 n. 19 (9th Cir. 1990).  The court must generally accept as true all "well-pleaded factual
21 allegations."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).  The court must also
22 construe the alleged facts in the light most favorable to the plaintiff.  <u>Love v. United States</u>, 915 F.2d
23 1242, 1245 (9th Cir. 1988).  However, the court may consider material submitted as part of the
24 complaint or relied upon in the complaint, and may also consider material subject to judicial notice.
25 <u>See</u> <u>Lee v. City of Los Angeles</u>, 250 F.3d 668, 688-69 (9th Cir. 2001).  "[Material which is properly
26 submitted as part of the complaint may be considered."  <u>Twombly</u>, 550 U.S. at 555.  But "courts are
27 not bound to accept as true a legal conclusion couched as a factual allegation."  <u>Id</u>.
28

## III. DISCUSSION

The FAC contains two causes of action: (1) violation of California Civil Code § 2923.5, and (2) violation of this state's Unfair Competition Law ("UCL"), California Business and Professions Code § 17200. Wells Fargo primarily argues that these causes of action are preempted by the Home Owners' Loan Act ("HOLA") and, notably, Plaintiffs do not provide argument in opposition. The court agrees with Wells Fargo that Plaintiffs' claims are preempted.[2]

The court begins with a discussion of preemption generally. Federal preemption of state laws stems from the Supremacy Clause of the Constitution. Barrientos v. 1801-1825 Morton, LLC, 583 F.3d 1197, 1208 (9th Cir. 2009). "[T]he laws of the United States...shall be the supreme law of the land...any Thing in the Constitution or laws of any state to the contrary notwithstanding." U.S. Const. art. VI, cl. 2.

Generally, "[p]reemption analysis 'start[s] with the assumption that the historic police powers of the States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress.'" City of Columbus v. Ours Garage & Wrecking Service, Inc., 536 U.S. 424, 438 (2002) (quoting Medtronic, Inc. v. Lohr, 518 U.S. 470, 485 (1996)). Congressional intent is therefore the "ultimate touchstone" of preemption inquiry. Medtronic, 518 U.S. at 485. Such intent may be "explicitly stated in the statute's language or implicitly contained in its structure and purpose." Fidelity Federal Sav. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 152-53 (1982). State law may also be preempted by federal regulations. Id. at 153. "Where Congress has directed an administrator to exercise his discretion, his judgments are subject to judicial review only to determine whether he has exceeded his statutory authority or acted arbitrarily." Id. If these

---

[2] Plaintiffs obtained their loan from World Savings Bank, FSB. See FAC, at ¶ 5; see also RJN, at Ex. 1. At that time, World Savings Bank was "chartered under the laws of the United States to transact the business of a Federal savings bank." See RJN, at Ex. 3. The name of World Savings Bank was changed to Wachovia Mortgage effective December 31, 2007, and was subsequently acquired by a national banking association, namely Wells Fargo Bank, N.A. See id., at Exs. 4, 5. Under these circumstances, district courts have held that HOLA preemption applies to all conduct relating to the acquired loan. DeLeon v. Wells Fargo Bank, N.A., 729 F. Supp. 2d 119, 1126 (N.D. Cal. 2010); Haggarty v. Wells Fargo Bank, N.A., No. C 10-02416 CRB, 2011 U.S. Dist. LEXIS 9962, at *10-1, 2011 WL 445183 (N.D. Cal. Feb. 2, 2011); Guerrero v. Wells Fargo Bank, N.A., No. CV 10-5095-VBF(AJWx), 2010 U.S. Dist. LEXIS 96261, at *8-9 (C.D. Cal. Sep. 14, 2010); Zlotnik v. U.S. Bancorp, No. C 09-3855 PJH, 2009 U.S. Dist. LEXIS 119857, at *17-19, 2009 WL 5178030 (N.D. Cal. Dec. 22, 2009).

United States District Court
For the Northern District of California

conditions are met, "the statutorily authorized regulations of an agency will pre-empt any state or local law that conflicts with such regulations or frustrates the purposes thereof." New York v. Fed. Commc'ns Comm'n, 486 U.S. 57, 64 (1988).

There are times when the traditional presumption against preemption does not apply. Indeed, the presumption is "not triggered when the State regulates in an area where there has been a history of significant federal presence." United States v. Locke, 529 U.S. 89, 108 (2000). As relevant here, "Congress has legislated in the field of banking from the days of McCulloch v. Maryland, 17 U.S. 316, 325-26, 426-27, 4 L. Ed. 579 (1819), creating an extensive federal statutory and regulatory scheme." Bank of America v. City & County of San Francisco, 309 F.3d 551, 558 (9th Cir. 2002). HOLA was enacted "to charter savings associations under federal law, at a time when record numbers of home loans were in default and a staggering number of state-chartered savings associations were insolvent." Silvas v. E*Trade Mortg. Corp., 514 F.3d 1001, 1004 (9th Cir. 2008). One of HOLA's central purposes was to restore public confidence in the banking system by consolidating the regulation of savings and loan associations with the federal government. Id. To achieve this purpose, Congress authorized the Office of Thrift Supervision ("OTS") to promulgate regulations governing federal savings associations. 12 U.S.C. § 1464; Silvas, 514 F.3d at 1005. OTS occupies the entire field in that regard. 12 C.F.R. § 560.2(a) (2011).

HOLA's implementing regulations set forth a list, "without limitation," of the categories of state laws that are expressly preempted:

> The terms of credit, including amortization of loans and the deferral and capitalization of interest and adjustments to the interest rate, balance, payments due, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan;
> ....
> Loan-related fees, including without limitation, initial charges, late charges, prepayment penalties, servicing fees, and overlimit fees;
> ....
> Disclosure and advertising, including laws requiring specific statements, information, or other content to be included in credit application forms, credit solicitations, billing statements, credit contracts, or other credit-related documents and laws requiring creditors to supply copies of credit reports to borrowers or applicants;
> ....
> Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages. . . .

12 C.F.R. § 560.2(b)(4)-(5), (b)(9)-(10) (2011).

Although HOLA and its related regulations have been described as "so pervasive as to leave no room for state regulatory control," state laws may nonetheless survive a preemption claim in limited circumstances. Conference of Fed. Sav. & Loan Ass'ns v. Stein, 604 F.2d 1256, 1260 (9th Cir. 1979), aff'd, 445 U.S. 921. Those state laws which "only *incidentally* affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of" the regulations may not be preempted. 12 C.F.R. § 560.2(c) (emphasis added). In order to determine whether a particular state law has such an effect, the Ninth Circuit has provided the following process:

> When analyzing the status of state laws under § 560.2, the first step will be to determine whether the type of law in question is listed in paragraph (b). If so, the analysis will end there; the law is preempted. If the law is not covered by paragraph (b), the next question is whether the law affects lending. If it does, then, in accordance with paragraph (a), the presumption arises that the law is preempted. This presumption can be reversed only if the law can clearly be shown to fit within the confines of paragraph (c). For these purposes, paragraph (c) is intended to be interpreted narrowly. Any doubt should be resolved in favor of preemption.

Silvas, 514 F.3d at 1005 (quoting OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sep. 30, 1996)).

Applying the preemption analysis to the FAC, it is clear that HOLA precludes the two causes of action asserted by Plaintiffs. As to the stand-alone violation of Civil Code § 2923.5, "the overwhelming weight of authority has held that a claim under section 2923.5 is preempted by HOLA." Taguinod v. World Savings Bank, 755 F. Supp. 2d 1064, 1074 (C.D. Cal. 2010); see also, e.g., Nguyen v. Wells Fargo Bank, N.A., 749 F. Supp. 2d 1022, 1033 (N.D. Cal. 2010); Sato v. Wachovia Mortg., FSB, No. 5:11-cv-00810 EJD (PSG), 2011 U.S. Dist. LEXIS 75418, at *16-18, 2011 WL 2784567 (N.D. Cal. July 13, 2011); Beall v. Quality Loan Serv., No. 10-CV-1900-IEG (WVG), 2011 U.S. Dist. LEXIS 29184, at *21-23, 2011 WL 1044148 (C.D. Cal. Mar. 21, 2011). This is because the notice requirement imposed by § 2923.5 "implicates HOLA's express preemption of state laws regulating the 'processing' and 'servicing'" of mortgages. DeLeon, 729 F. Supp. 2d at 1127. Plaintiffs' claim, which alleges a failure by Defendants to comply with the

statute's notice provisions, falls squarely within these same provisions and is therefore preempted.[3]

With regard to the second cause of action, UCL claims may be preempted if, as applied, the statute is the type of state law contemplated by 12 C.F.R. § 560.2(b). Silvas, 514 F.3d at 1006. "If it is, the preemption analysis ends." Id. Here, Plaintiffs base the UCL claim on the same violations alleged in the prior cause of action. This claim therefore suffers the same fate as its predecessor; it is preempted by the 'processing' and 'servicing' provisions of § 560.2.

Since both Plaintiffs' claims are preempted, they will each be dismissed without leave to amend. See Miller v. Rykoff-Sexton, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient.").

### IV.  ORDER

Based on the foregoing, Wells Fargo's Motion to Dismiss (Docket Item No. 19) is GRANTED. The first and second causes of action are DISMISSED WITHOUT LEAVE TO AMEND.

Because this result essentially resolves this case, judgment will be entered accordingly and the clerk shall close this file. The hearing and Case Management Conference scheduled for October 12, 2012, are VACATED.

**IT IS SO ORDERED.**

Dated: October 10, 2012

EDWARD J. DAVILA
United States District Judge

---

[3] Plaintiff's cause of action is also preempted to the extent it was intended to plead violations of California Civil Code § 2924 *et. seq.* "Numerous courts within this district have also concluded that claims arising under California Civil Code section 2924 are preempted by HOLA." Sami v. Wells Fargo Bank, No. C 12-00108 DMR, 2012 WL 967051, 2012 U.S. Dist. LEXIS 38466, at *21-22 (N.D. Cal. Mar. 21, 2012).